# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH KELLY DINGLER, #00149118, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:22-CV-1239-G-BK |
| | § | |
| JUDGE WOODWARD, ROCKWALL | § | |
| COUNTY TEXAS, | § | |
| | § | |
| DEFENDANTS. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* case was automatically referred to the United States magistrate judge for management, including the issuance of findings and a recommended disposition where appropriate.  On June 7, 2021, Petitioner Joseph Kelly Dingler filed an *Emergency Petition for Writ of Habeas Corpus and Motion for Criminal Removal*.  Doc. 1.  For the reasons that follow, the motion for removal should be **DENIED** and this case should be *sua sponte* **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

## I.    BACKGROUND

Dingler, a Rockwall County pretrial detainee, seeks to remove three Rockwall County misdemeanor offenses due to alleged federal civil rights violations. Doc 1 at 1.  He lists himself as the Plaintiff/Petitioner and Rockwall County Judge Woodard as the Defendant/Respondent. Doc. 1 at 1.  Dingler avers that he is confined as a result of an unconstitutional "misdemeanor bonding scheme [that] is leveraged as an instrument of oppression" to keep indigent offenders like him incarcerated.  Doc. 1 at 1-2.  As supporting authority, he mentions "*ODonnell v. Harris County* (5th)."  Doc. 1 at 2-3.  Dingler also generally mentions federalism and comity concerns.

Doc. 1 at 3.  He contends that if a favorable ruling is made based on *ODonnell*, Texas judges in Rockwall County will be "unable to rule" on his pending criminal cases and, thus, that "the only viable path of redress" is in federal court.  Doc. 1 at 3.  Consequently, Dingler requests that a "removal order [be] sent immediately to the State jurisdiction."  Doc. 1 at 3.

Upon review, it is apparent that Dingler lacks the right to remove his pending misdemeanor criminal proceedings.  The opinion he relies on, *ODonnell v. Harris Cnty.*, 892 F.3d 147, 152 (5th Cir. 2018), was recently overruled by *Daves v. Dallas Cnty.*, 22 F.4th 522 (5th Cir. 2022).  He lacks any legal basis for removal, as discussed further below.  Thus, his motion to remove should be denied and this case should be dismissed.[1]

## II.     ANALYSIS

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction.  *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001).

28 U.S.C. § 1455(a) provides for removal of criminal prosecutions to federal court. When a criminal case is removed, however, the court must "examine the notice promptly" and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  28 U.S.C. § 1455(b)(4).  Because § 1455 does not set out any substantive requirement for removal, the Court turns to the other removal statutes to determine if removal is appropriate.  *See Louisiana v.*

---

[1] Dingler does not appear to seek habeas corpus relief since he does not challenge the basis or the length of his detention.  *See* 28 U.S.C. § 2241(c) (providing that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States.").  He also did not file his petition on the court-approved form. *See* N.D. Tex. L.R. 5.4 and Misc. Ord. 13 (requiring inmates to file petitions for writ of habeas corpus on the court-approved form).  Thus, to the extent he intended to request habeas relief, his claim should nevertheless be dismissed without prejudice.

*Hunter*, Civ. A. No. 14-931, 2014 WL 7139463, at *5 (E.D. La. Dec. 15, 2014) (noting that the United States Court of Appeals for the Fifth Circuit has yet to construe § 1455 and that the statute is purely procedural and provides no substantive requirements for removal).

The Court liberally construes Dingler's filings with all possible deference due a *pro se* litigant. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). However, even assuming a proper notice of removal under § 1455(a) and (b), within the requisite 30-day period, Dingler cannot establish a legal right to remove his pending criminal case.

### A. Dingler is not in the group of officials whose criminal cases may be removed

Federal statutes provide for the removal of state criminal cases that charge certain classes of officials. *See* 28 U.S.C. § 1442 (providing for removal of criminal actions against federal law enforcement officers or officials for acts taken in their official duties); 28 U.S.C. § 1442a (providing for removal of prosecutions of members of the armed forces); 28 U.S.C. § 1443(2) (providing for removal of prosecutions of officials enforcing civil rights statutes). Dingler has not alleged or demonstrated that he is a federal officer, a member of the armed forces, or an official enforcing civil rights. Thus, these provisions do not apply to him.

### B. The provisions of § 1443(1) are also inapplicable

Section 1443(1) authorizes the removal of a pending state criminal prosecution "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). Thus, to remove under that section, the defendant must show both that (1) the right allegedly denied him arises under a federal law providing for

specific rights stated in terms of racial equality; and (2) that he cannot enforce the specified federal right in state court. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780 (1966)). Dingler demonstrates neither.

Dingler's pleadings are silent as to the denial of any federal civil right protecting racial equality. Indeed, Dingler complains only that the "misdemeanor bonding scheme" keeps him and other indigent offenders incarcerated. Doc. 1 at 1-2. He also complains generally of civil rights violations. Doc. 1 at 2-3. However, conclusory allegations of civil rights violations are clearly insufficient to remove a pending state criminal prosecution to federal court. *See State of Tex. v. Gulf Water Benefaction Co.*, 679 F.2d 85, 86-87 (5th Cir. 1982) (finding conclusory allegations of civil rights violations insufficient to support removal of on-going state criminal prosecution and affirming the district court's dismissal). In any event, Dingler does not establish that he cannot enforce the specified federal rights in state court, as is also his burden.

## III.   RECOMMENDATION

For the foregoing reasons, Dingler's motion to remove should be **DENIED** and his case should be *sua sponte* **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. 28 U.S.C. § 1455(b)(4).

**SO RECOMMENDED** on June 9, 2022.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).